UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

Clawson Custom Cues, Inc.,

      Plaintiff,

  v.                                              Case No. 06-C-1326

McDermott Cue Manufacturing, Inc.,

      Defendant.

## STIPULATION AND PROTECTIVE ORDER

      Whereas the parties consider certain information to be trade secret, commercially sensitive, proprietary or otherwise confidential and they seek a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Civil Local Rule 26.4 limiting disclosure thereof, it is hereby stipulated among the parties and ORDERED as follows:

      1.    This Protective Order governs any document, interrogatory answer, deposition testimony, request for admission, admission, or other information obtained through any means of pretrial discovery, or any portion thereof, which has been designated confidential by a party to this lawsuit (including any of its subsidiaries, parents, or affiliates) or any other third party producing it. The term "Designating Party" refers to the party or parties to the lawsuit, or the third party, making the confidentiality designation. By way of example and not by way of any limitation, the term "document(s)" shall include correspondence, memoranda, bulletins, circulars, advertisements, catalogs, publications, or other printed matter, interoffice and intracorporate communications, minutes, telegrams, letters, statements, canceled checks, contracts, invoices, drafts, maps, charts, books of accounts, work sheets, notes of conversations,

desk diaries, appointment books, expense accounts, recordings, specifications, photographs, motion pictures, compilations from which information can be obtained and translated as required through detection devices into reasonably usable form, sketches, drawings, notes (including laboratory notebooks and recordings), blueprints, disclosures, models, data reports, work assignments, instructions, and other writings.

    2.    A Designating Party may designate material for protection under this Protective Order as either "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" in accordance with the terms of this Protective Order. A party to this lawsuit may increase the confidentiality designation of documents or other things produced by a third party either by reviewing the material with the third party before production, or by notifying all recipients that the designation is to be increased to CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY, as the case may be. No third party designation may be decreased by a party to this lawsuit without the written consent of the third party. Any recipients of material designated CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY under this Protective Order are hereinafter referred to as "Receiving Party." Designation of written material shall be made by stamping or otherwise physically marking the material on each page with the appropriate classification. Any copy made of any such document or thing, or any abstract, summary, memorandum, or paper filed with the Court that contains or embodies information designated pursuant to this Protective Order, shall bear on its face the legend "[PLAINTIFF or DEFENDANT, as applicable] CONFIDENTIAL INFORMATION – United States District Court, Eastern District of Wisconsin, Civil Action No. 06-C-1326." The Designating Party designating material as CONFIDENTIAL shall make such designation only as to that information which it reasonably believes is confidential, proprietary, or secret information that

2

is used by it in furtherance of its business enterprise, which that party normally would not reveal to third parties, or, if disclosed, would require such third parties to maintain in confidence. The Designating Party designating information as CONFIDENTIAL ATTORNEYS' EYES ONLY shall make such designation only as to technical, financial, pricing, costs, sales, marketing, business strategy or customer information that it reasonably believes is, in addition to being confidential or secret, particularly competitively sensitive. Except as expressly provided hereinafter, parties receiving any such designated material shall maintain it in confidence in accordance with the requirements of this Stipulated Protective Order, and shall not use it for any purpose other than for the prosecution or defense of this action. In the event that a document designated by a Designating Party as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY has contents:

    a.    which at the time of disclosure is available to the public;

    b.    which after disclosure becomes available to the public through no act or failure to act on behalf of the Receiving Party, its counsel, or its independent consultants; or

    c.    which the Receiving Party, its counsel, or its independent consultants can show (i) as a matter of written record was already known to the Receiving Party from legitimate sources, (ii) as a matter of written record was independently developed by the Receiving Party, (iii) was obtained from the Designating Party without having been identified as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY (subject to the circumstances and provisions provided for in paragraph 12 hereof), or (iv) was received after the time of disclosure hereunder from a third party having the right to make such disclosure and was not produced by the third party as a Designating Party under this Protective Order or with the requirement that it be held in confidence;

the Receiving Party has a right, pursuant to paragraph 11 hereof, upon reasonable establishment of the grounds pursuant to (a), (b), or (c) above, to have such contents (but not the documents, interrogatory answers, things themselves, or the fact of their possession by the Designating Party) treated as not confidential. However, the Receiving Party will not act unilaterally in determining whether grounds have been established under (a), (b), or (c) above and will treat such contents as not confidential only by agreement with the Producing Party or by order of this Court on motion with notice to the Producing Party. At the time a document or portion thereof is made available for inspection to the Receiving Party, the Designating Party need not, at the time of inspection, make any designation of CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY provided that any copies of the materials produced to the Receiving Party are marked in accordance with this paragraph.

   3.   All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY under this Order, or any portion thereof, must be immediately affixed with the identical identifier if the identifier does not already appear.

   4.   This Protective Order has no effect on, and its scope shall not extend to, any party's use of its own CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY designated materials.

   5.   All correspondence, legal memoranda, motion papers, pleadings, and other written materials that quote from or refer to the substance of any material designated CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY shall be treated as confidential in accordance with the provisions of this Protective Order and labeled prominently in accordance with the provisions of paragraph 2 above.

6. Except as expressly provided elsewhere in this Order or by stipulation of the parties, counsel for the parties must keep all documents designated as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY that are received pursuant to this Order secure within their exclusive possession, and must place such documents in a secure area.

7. During a deposition and for thirty (30) days after a party receives its copy of the transcript, the contents shall be treated as CONFIDENTIAL ATTORNEYS' EYES ONLY under this Protective Order. On the record at the deposition or during that thirty (30) day period, any Designating Party wishing to designate any or all of the deposition transcript as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY in accordance with the terms of this Protective Order shall designate in writing to all other counsel of record those portions of the transcript containing CONFIDENTIAL and those portions of the transcript containing CONFIDENTIAL ATTORNEYS' EYES ONLY material and all counsel that received a copy of the transcript shall immediately stamp the designated portions CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY, as designated, on the original and all copies of the transcript. If material designated by a third party as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY appears in the transcript, counsel who caused the material to be included in the transcript shall, on the record or during that thirty (30) day period, similarly designate the portion or portions of the deposition transcript as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY. After the thirty (30) day period, portions designated CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY shall be treated as designated, and any portions not so designated shall no longer be treated as containing CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY material. Any deposition transcript, trial transcript, or deposition videotape (or other recordable

medium) that contains CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY material shall further have marked CONFIDENTIAL on the cover page of the transcript, or on the container of the tape (or other medium). When testimony that a Designating Party considers CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY is being taken, or materials containing such information are being discussed or disclosed in a deposition, persons not entitled to have access to such information will leave the deposition until such time as the testimony concerning the material designated CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY is over.

8. If a Designating Party believes that inspection, measuring, testing, sampling or photographing of that Designating Party's processes, products, equipment, premises or other property pursuant to Fed. R. Civ. P. 34 will reveal or disclose information that is in good faith deemed CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY, that Designating Party will advise in advance the party or parties seeking such discovery that the inspection, measuring, testing, sampling or photographing will be permitted only on a confidential basis, and will designate in writing served upon all counsel of record the material discovered, and information derived from that material, to be treated and labeled as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY, as appropriate. Upon such service, the designated material will be treated in accordance with this Order.

9. Material designated as "CONFIDENTIAL" may be disclosed only to the following persons, subject to satisfaction of conditions set forth in paragraph 10 below, except upon the prior written consent of the Designating Party:

    a. outside counsel of record for the parties to this lawsuit and employees of such counsel;

6

b. translators, including their support personnel, who are not employees of either party, who are retained by outside counsel to assist in the preparation and trial of this action, but only to the extent necessary for the conduct of this action;

c. experts, including their support personnel, who are not employees of either party, who are retained by outside counsel to assist in the preparation and trial of this action, but only to the extent necessary for the conduct of this action;

d. the author, addressee, and recipient of any documents containing material designated CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY;

e. any court having jurisdiction over this action (hereinafter "Court") and any persons employed by Court who are working on this action;

f. court reporters (including stenographers and video technicians) engaged by counsel of record to record, transcribe, or videotape testimony in this litigation, and copy services, data entry, and computer support services engaged by counsel of record;

g. Karim Belhaj and Paul Costain for Clawson Custom Cue, Inc., and Claude Napier and Larry Liebl for McDermott Cue Manufacturing, Inc.; and

h. any other person who subsequently is designated either by (i) agreement of all parties to this agreed Protective Order after a request by any one of them, or (ii) by order of the Court upon motion by a party, after notice to all the parties.

Except as otherwise agreed in writing by the Designating Party, material designated as CONFIDENTIAL ATTORNEYS' EYES ONLY may be disclosed only to those listed in subparagraphs a, b, c, d, e, f, and h above.

10. Each person to whom disclosure of material designated CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY is permitted pursuant to subparagraphs b, c, d,

g, and h above shall be shown a copy of this Protective Order and shall execute a written acknowledgment (in the form of the attached EXHIBIT A) (the "Acknowledgment") that he or she has received a copy of this Protective Order and is familiar with its provisions and all such persons shall:

    a.    be bound thereby;

    b.    not use material designated CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY for any purpose other than in connection with the prosecution or defense of this action;

    c.    not disclose any material designated CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY to any person other than a person authorized to receive such information under this Protective Order; and

    d.    upon termination of his or her connection with this action, return all material designated CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY to the counsel or person who provided such material to such person.

The Acknowledgment for each person identified in subparagraph 9(b) shall be served upon opposing counsel by facsimile and first-class mail prior to providing access to any translator to any materials designated CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY. The Acknowledgment for each person identified in subparagraph 9(c) shall be served by facsimile and first-class mail upon opposing counsel and upon counsel for the disclosing party or person at least ten (10) business days prior to the initial disclosure of material designated CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY with such person's name, address, employment history, and résumé or *Curriculum Vitae*. If, within the ten (10) business day period, an objection is made to the proposed disclosure to such person and

8

served by facsimile and first-class mail, disclosure is not permitted until the matter is resolved by the parties or by the Court.

11. No designated material shall be used for any purpose other than preparation for the trial of this action and any pre-trial and post-trial proceedings (including appeals) in this action.

12. A party shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event any party objects at any stage to the designation by another party, the party shall first request by writing to the Designating Party that the designation be modified or withdrawn. If the Designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the party requesting the modification may apply to the Court for relief. Upon application to the Court for relief, the party seeking the modification must state the basis for its belief that the classification is improper. The Designating Party shall then have the burden to show that the classification is proper. Grounds for determining that the designation should be modified include, but are not limited to, (i) a determination that the information is already available to the public; (ii) a determination that the information has become available to the public other than as a result of disclosure of the Receiving Party; or (iii) the information has come into the Receiving Party's legitimate possession independently of the producing party.

13. The inadvertent or unintentional production of documents containing, or other disclosure of, any confidential, proprietary, secret or privileged information without being designated as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY at the time of the production or disclosure shall not be deemed a waiver in whole or in part of a party's claim of confidentiality or secrecy, either as to the specific information disclosed or as to any

other information relating thereto or on the same or related subject matter, or as to any attorney-client privilege or work product protection from disclosure. In the event that any such information is inadvertently or unintentionally produced, all copies of that document, and any notes or summaries relating thereto, shall be destroyed to the extent practicable. The party returning the information may move the Court for an Order compelling production of such information.

    14. In the event any Receiving Party having possession, custody, or control of any materials designated CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY receives a subpoena or other process or order to produce such information in another, unrelated legal proceeding from a non-party to this action, such Receiving Party shall immediately notify counsel for the Designating Party of the subpoena or other process or order, furnish counsel for the Designating Party with a copy of said subpoena or other process or order, and cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party or by a related entity whose interests would be affected. The Designating Party asserting the treatment of the material as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY material shall have the burden of defending against such subpoena, process, or order. The Receiving Party receiving the subpoena or other process or order shall make reasonable efforts to obtain an extension of the deadline for compliance as appropriate to permit the Designating Party to contest the subpoena, process, or order. The Receiving Party receiving the subpoena, process, or order shall be entitled to comply with it, except to the extent:

    a. The Receiving Party receives notice, prior to the deadline for compliance and within ten (10) business days after it notifies each Designating Party of the existence of

the subpoena, process, or order, that the Designating Party has or will contest the subpoena, process, or order; or

b. The Designating Party is successful, prior to the deadline for compliance, in obtaining an order modifying or quashing the subpoena, process, or order.

15. The designation of any document as CONFIDENTIAL or CONFIDENTIAL ATTORNEY'S EYES ONLY pursuant to this Order shall not be construed as a concession by the Designating Party that such information is relevant or material to any issue or is otherwise discoverable.

16. Within thirty (30) days after the termination of this action, including any appeals, all designated material, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to the party that produced it, or destroyed. If destroyed, the Receiving Party will promptly provide a certificate of destruction to the Designating Party.

17. The following procedures shall be followed with respect to court proceedings:

a. Pleadings, motions, and supporting briefs and exhibits submitted to the Court containing CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY information shall be filed in hard copy (not e-filed) with the Court in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of the action to which it pertains, an indication of the nature of the contents of the sealed envelope or other container, the words "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" and a statement substantially in the following form:

11

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

This envelope is sealed pursuant to Order of the Court, contains CONFIDENTIAL [or CONFIDENTIAL ATTORNEYS' EYES ONLY] Information and is not to be opened or the contents revealed except by Order of the Court.

b.  Only the minimum portion requiring sealing should be included in the sealed envelope or container, *i.e.*, the need to seal only one or two exhibits does not justify the sealing of other exhibits, and, to the extent possible, a version of a document with all the CONFIDENTIAL and CONFIDENTIAL ATTORNEYS' EYES ONLY information redacted shall be filed with the Court, without being sealed.

c.  Any court hearing, trial, or other proceeding that refers to or describes CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY information shall in the Court's discretion be held *in camera*, except upon written agreement by the parties.

18.  The treatment accorded designated material under this Protective Order shall survive the termination of this action.

19.  Any person receiving CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY material under this Protective Order agrees to be subject to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order. After termination of this action, the Court retains jurisdiction to enforce this Protective Order.

20.  Nothing herein shall preclude counsel from referring to CONFIDENTIAL or CONFIDENTIAL ATTORNEY'S EYES ONLY information in a general way, that does not reveal the substance or details of the information, for the sole purpose of rendering legal advice to his or her client.

21. This Protective Order can be modified by the Court or by written agreement with approval of the Court.

So Stipulated and Agreed.

/s/ mollie a. newcomb
John P. Fredrickson
Mollie A. Newcomb
Boyle Fredrickson Newholm Stein & Gratz SC
250 E. Wisconsin Avenue
Milwaukee, WI 53202
Telephone: 414-225-9755
Facsimile: 414-225-9753

Susan G. L. Glovsky
Benjamin P. Hurwitz
Hamilton Brook Smith Reynolds P.C.
530 Virginia Road
P.O. Box 9133
Concord, MA 01742-9133
Telephone: 781-341-0036
Facsimile: 978-341-0136

*Attorneys for Plaintiff Clawson Custom Cues, Inc. d/b/a Predator Products*

/s/ david r. cross
David R. Cross
Jeremy Westlake
Quarles & Brady LLP
411 East Wisconsin Avenue, Suite 2040
Milwaukee, Wisconsin 53202
Telephone: 414-277-5000
Facsimile: 414-978-8699

*Attorneys for Defendant McDermott Cue Manufacturing, Inc.*

SO ORDERED this 14 day of May, 2007 at Milwaukee, Wisconsin.

Hon. Rudolph T. Randa
United States District Judge

## EXHIBIT A

### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF WISCONSIN

Clawson Custom Cues, Inc.,

    Plaintiff,

v.                                                   Case No. 06-C-1326

McDermott Cue Manufacturing, Inc.,

    Defendant.

### WRITTEN ASSURANCE

_____[name] declares that:

I reside at _____ in the city of

_____ state of _____.

I am _____[position] employed by _____.

I have read and understand the Protective Order dated _____ and of record in *Clawson Custom Cues, Inc. d/b/a Predator Products v. McDermott Cue Manufacturing, Inc.*, Civil Action No. 06-C-1326 pending in the United States District Court for the Eastern District of Wisconsin and I agree to comply with and be bound by the provisions of said Protective Order.

Subscribed and sworn to under the pains and penalties of perjury this \_\_\_\_ day of _____, 20\_\_.

                                                  _____

                                                  Print Name: